11620

. FAULKNER v. STRICKLAND

(125 S. E., 637)

1. ATTACHMENT—REFÚSAL TO DISSOLVE ATTACHMENT IN SUIT ON FOR-
EIGN JUDGMENT PENDING APPEAL THEREFROM HELD NOT ERROR, IN
ABSENCE OF SHOWING THAT NOTICE OF APPEAL STAYED PROCEEDING
OR ACTED AS SUPERSEDEAS.—In attachment suit on foreign 'judgment
pending appeal therefrom in other suit, refusal to dissolve attach-
ment *held* not error, in absence of showing that notice of appeal in
other State stayed proceeding or acted as a supersedeas.

2. JUDGMENT—DEFENDANT, BEING SUED ON FOREIGN JUDGMENT PEND-
ING APPEAL THEREFROM, HAD BURDEN OF PROVING THAT NOTICE OF
APPEAL ACTED AS A SUPERSEDEAS.—In suit on foreign judgment pend-
ing appeal therefrom in other State, defendant had burden of
showing that, under law of other State, the notice of appeal acted
as a supersedeas.

Before MEMMINGER, J., Charleston, September, 1923.
Affirmed.

Suit by W. H. Faulkner against J. P. Strickland. From
decree overruling defendant's motion to dissolve attachment,
defendant appeals.

*Mr. A. L. Hamer,* for appellant, cites: *Final judgment:*
23 Cyc., 1503; R. C. L., Sec. 383, p. 904; 66 Pac., 580; 39
Am. St. Rep., 156. *At common law an appeal acted as a
supersedeas:* 3 C. J., 1272; 107 U. S., 378. *Common law
in force in absence of statute:* 66 S. C., 98; 81 S. C., 24.
*Appeal:* Code 1922, Sec. 657. *Attachment:* Code 1922,
Sec. 509.

*Messrs. Logan & Grace* and *Harry Simonhoff,* for re-
spondent, cite: *Right to bring action in this State on judg-
ment obtained in another State, pending appeal:* 15 R. C. L.,
942. *Notice of appeal does not stay execution of judgment:*
Code 1922, Secs. 647, 651, 652, 653; 40 S. C., 430; 15 S.
C , 488; 68 S. C., 41; Sec. 650, Chap. 12, Con. St. of N. C.;
156 N. C., 180. *Judgment not vacated by stay:* Sec. 657,
Chap. 12, Con. St. of N. C.; 19 Am. Rep., 398; 29 Fed.,

609; 172 N. W., 857; 136 Mass., 34; 23 Cyc., 1504; 2 Cyc , 974; 23 Cyc., 1563; 70 Pac., 167; 76 N. W., 16; 25 S. E., 247; 132 Pac., 707; 75 Va., 821; 25 N. Y. L., 230; 44 Pac., 101; 11 R. I., 411; 28 Tex., 503; 28 Conn., 442; 5 A. L. R., 1269; 35 A. & E. Ann. Cas. 1915-A, 1287; 35 N. E., 761. *Plaintiff may bring suit in foreign jurisdiction even though proceedings have been stayed by order or filing of bond:* 72 Pac., 847; 1 Phila., 183; 4 Pa. Dist. R., 140; 6 N. C. Reg. (Pa.), 358; 70 Fed , 677. *Final judgment:* 2 R. C. L., 39–40; Code 1922, Sec. 525; 4 Words & Phrases, 3829; 15 R. C. L., 575. *Attachment:* Code 1922, 502; 2 Strob. L., 346; 37 S. C., 81.

December 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This case was started by the plaintiff filing a summons, warrant of attachment and complaint, and serving same on the defendant. This is a suit on a judgment between W. H. Faulkner, plaintiff, and J. P. Strickland, defendant, Cumberland County, North Carolina, tried in the Superior Court of said State and County. Immediately after obtaining the judgment in North Carolina, the plaintiff came to Charleston County, South Carolina, and filed this suit, and attached certain real estate of the defendants. Within the time provided by law in North Carolina, the defendant served a notice of appeal, and served a case and exceptions to go to the Supreme Court of North Carolina, and the case is now pending in the Supreme Court of North Carolina. This case came before Judge R. W. Memminger at chambers, Charleston, S. C., on motion of the defendant to dissolve and set aside the warrant of attachment issued in the above entitled cause by William H. Dunkin, Clerk of Court for Charleston County, on the 19th day of June, 1923. Hon R. W. Memminger overruled the motion to dissolve and set aside the warrant of attachment, by filing a decree therein, which is

hereinafter set out, together with motion and certificate from the Clerk of Court of Cumberland County, N. C."

The exceptions, five in number, raise the single issue: Can the plaintiff commence an action in Court in South Carolina upon a judgment obtained in Court in North Carolina, while said judgment is under appeal in the Supreme Court in North Carolina?

   It was admitted at the hearing before this Court that
1, 2 the Supreme Court of North Carolina has affirmed
   this judgment. We think that Judge Memminger was right in not setting the attachment aside. The burden was on the appellant to show under the North Carolina law that notice of appeal acted as a supersedeas. This he has failed to do; he shows no law of North Carolina, on this question, that a notice of appeal stays the proceeding or acts as a supersedeas.

The judgment rendered by the Superior Court of Cumberland County, N. C., was conclusive between the parties, until vacated, reversed, or set aside by the Supreme Court of that State. The plaintiff had a judgment and a cause of action sufficient to attach property in this case. Of course, if the Supreme Court of North Carolina had reversed the judgment of the Superior Court the attachment would have fallen and been vacated necessarily.

The defendant could have answered the complaint and admitted the judgment, but set up the appeal in the Supreme Court of North Carolina and a stay of the hearing of the case until the Supreme Court of North Carolina had acted It has now acted, the judgment of the Superior Court has been affirmed, and, if we should sustain the exceptions, the plaintiff could attach again, and the only substantial controversy in the case would be the costs of the attachment proceedings.

The plaintiff had a cause of action, was diligent, took the risk of reversal of his judgment, won out, and is entitled to the fruits of his victory.

All exceptions are overruled, and judgment affirmed.
MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.
MR. CHIEF JUSTICE GARY did not participate.